UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-60607-CV-BLOOM
MAGISTRATE JUDGE REID

BENJAMIN SANDERS,

    Plaintiff,

v.

DOCTOR PIERSON,

    Defendant.
_____/

# REPORT OF MAGISTRATE JUDGE
# RE CIVIL RIGHTS COMPLAINT

## I. Introduction

Plaintiff, **Benjamin Sanders,** filed this *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, raising a sole claim of deliberate indifference to a serious medical need against Defendant, Dr. Pierson, a dentist employed at the Broward County Detention Center. (DE#1). He sues Dr. Pierson in his individual capacity. (*Id.*). For the reasons set forth below, the claims of deliberate indifference and punitive damages should proceed against Dr. Pierson.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See*

28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-02.

Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP"). Further, because Plaintiff is also a pretrial detainee, seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. §1915A; *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam).

## II. Factual Allegations

Plaintiff alleges that beginning in January 2019, his gums became severely swollen and began bleeding. (DE#1:2). On January 12, 2019, he was seen by a nurse who recommended that he eat "soft foods" until he could be seen by the dentist. (*Id.*).

On January 17, 2019, he was seen by Dr. Pierson for an annual dental check-up. At that time, Plaintiff complained about his swollen and bleeding gums and the resulting pain. He claims Dr. Pierson refused to treat him because Plaintiff was only scheduled for "an annual exam" and would have to place a sick call request for treatment. (*Id.*).

Plaintiff alleges he placed two sick call requests on January 18th and 21, 2019,

and when seen by the nurse, he complained about his swollen and bleeding gums. In response, the nurse advised she would schedule Plaintiff to be seen by the dentist. (*Id.*). When the pain still did not subside, he placed another sick call request and was seen by a nurse on January 26, 2019, who noticed Plaintiff had lost weight and after examining his gums, again requested that Plaintiff be seen by the dentist. (*Id.*).

Plaintiff declared a dental emergency on January 27th and 28th, 2019. (*Id.*:3). Although given Tylenol to treat the pain, Plaintiff complained he was still suffering severe pain from his swollen and bleeding gums. (*Id.*). The nurse indicated that Dr. Pierson was not in on weekends, but she would leave him a note requesting that he see Plaintiff. (*Id.*).

On January 29, 2019, Dr. Pierson refused to examine or treat Plaintiff, instructing the nurse to give Plaintiff a hand-out on "How to Brush Teeth" and to advise Plaintiff he would have to wait until "his name come[s] up" on Dr. Pierson's list. (*Id.*). During a February 1, 2019 visit with a nurse, Plaintiff was again informed Dr. Pierson was told about Plaintiff's gum condition and Dr. Pierson responded that he would see Plaintiff "when he was ready" to do so. (*Id.*). The nurse informed Plaintiff that Dr. Pierson had instructed that Plaintiff be given Tylenol for pain. (*Id.*).

Finally, on February 4, 2019, Dr. Hines examined Plaintiff and spoke with Dr. Pierson regarding Plaintiff's complaints about his swollen and bleeding gums. (*Id.*:4). Plaintiff was then seen by Dr. Pierson that day, who accused Plaintiff of

going over Dr. Pierson by complaining to Dr. Hines. (*Id*.). After examining Plaintiff and taking x-rays, Dr. Pierson diagnosed Plaintiff as suffering from "overlapping teeth at the root," and tartar-plaque build-up. (*Id.*). Dr. Pierson stated he would provide a mouthwash and pain medication. (*Id.*). During rounds later that evening, Plaintiff claims the nurse who does medical rounds advised Plaintiff Dr. Pierson had prescribed a mouthwash, but no pain medication. (*Id.*).

After a February 4, 2019 dental cleaning, the dental hygienist informed Plaintiff that the swollen and bleeding gums cannot be fixed with a dental cleaning and advised Plaintiff to place another sick call request to see the dentist. (*Id.*).

When he continued suffering pain from his swollen and bleeding gums, Plaintiff put a sick call request on February 8, 2019, and was then seen by a nurse, who told him that Dr. Pierson stated that he had already treated Plaintiff and would not see him again. (*Id.*:5).

After filing grievances against Dr. Pierson, and because he was still experiencing severe gum pain, he saw Dr. Hines who advised he would refer Plaintiff for a dental examination. (*Id.*:5-6). In the interim, Dr. Hines prescribed Tylenol for the pain. (*Id.*:6).

Still in pain, on February 18, 2019, he attempted to see Dr. Pierson to explain his condition was worsening. Dr. Pierson yelled at Plaintiff to never step into his office again without a prior appointment. (*Id.*).

After meeting with his attorney in late February 2019, at which time Plaintiff advised him that he was suffering from severe gum pain, defense counsel obtained a state court order directing Dr. Pierson to treat Plaintiff's gum condition. (*Id.*). Plaintiff alleges, however, that Dr. Pierson ignored the court's order. (*Id.*).

Plaintiff seeks compensatory and punitive damages against Dr. Pierson.

### III. Standard of Review- 28 U.S.C. §1915(e)

In reviewing the complaint under 18 U.S.C. § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785 (11th Cir. 2018) (per curiam). Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam).

To "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x at 694.

To state a claim for relief under § 1983, a plaintiff must show that he was

deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When read liberally, a *pro se* pleadings "should be interpreted 'to raise the strongest arguments that [it] suggest[s]." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

### IV. Discussion

Plaintiff sues Dr. Pierson in his individual capacity, alleging Dr. Pierson has

refused to treat and prescribe pain medications for Plaintiff's severely swollen and bleeding gums.

### A. <u>Applicable Deliberate Indifference Standard</u>

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976).

However, as a pretrial detainee at the Monroe County Detention Center, Plaintiff's rights arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Campbell v. Johnson,* 586 F.3d 835, 842 (11th Cir. 2009)(citation omitted). The same standard applies for evaluating a pretrial detainee's claims of inadequate medical care under the Fourteenth Amendment. *See Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306 (11th Cir. 2009).

To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) a defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See Mann,* 588 F.3d at 1306–07.

#### 1. <u>Serious Medical Need</u>

"[A] 'serious' medical need is one that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Center,* 40 F.3d 1176, 1187 (1994)(citations omitted), *overruled in part on other grounds, Hope v. Pelzer,* 536 U.S. 730, 739 n.9 (2002); *Andujar v. Rodriguez,* 486 F.3d 1199, 1203 (11th Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003)(quotation marks and citations omitted).

At this juncture, Plaintiff has alleged a serious medical need. He complains he is suffering pain arising from severely swollen and bleeding gums for which Dr. Pierson has refused to examine and treat him. Although seen on a few occasions by Dr. Pierson, Plaintiff alleges that Dr. Pierson either provided no examination or treatment, or the treatment that was provided was so inadequate that it constituted no treatment at all. According to Plaintiff, Dr. Pierson finally promised to prescribe Plaintiff pain medication, but failed to do so, causing Plaintiff to continue suffering excruciating pain.

## 2. **Deliberate Indifference**

Next, Plaintiff must demonstrate that Dr. Pierson was deliberately indifferent to Plaintiff's serious medical need. To demonstrate that Dr. Pierson was deliberately indifferent to Plaintiff's serious medical need, Plaintiff has to allege (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is

more than gross negligence. *Melton v. Abston,* 841 F.3d 1207, 1223–24 (11th Cir. 2016) (citing *Bingham v. Thomas,* 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam). The Plaintiff has alleged that Dr. Pierson had subjective knowledge, having been advised by nurses and other medical staff that Plaintiff was suffering severe pain due to swollen and bleeding gums. Dr. Pierson repeatedly ignored Plaintiff's condition, refusing to provide any examination or treatment. The allegations confirm that Dr. Pierson's conduct was more than mere negligence, causing Plaintiff to continue suffering excruciating pain unnecessarily.

The Eleventh Circuit has recognized that "[i]n certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." *Farrow v. West,* 320 F.3d at 1243–44. In *Farrow,* the Eleventh Circuit found that the plaintiff, a state prisoner, established a serious dental need based on evidence demonstrating "pain, continual bleeding and swollen gums, two remaining teeth slicing into gums, weight loss, and continuing medical problems." *Id.* at 1244–45. *See also Noel v. Hewett,* No. 513-007, 2013 WL 3289028 (S.D. Ga. June 28, 2013) (finding a state inmate demonstrated a serious medical need through evidence revealing "severe and longstanding dental problems at the time he was seen by the defendants, including advanced periodontitis, tooth deterioration and decay, cracked and broken teeth, a failed root canal, dental infections, missing fillings, and other

problems likely to result in episodes of significant pain.").

Further, a defendant, like Dr. Pierson, who unreasonably fails to respond or refuses to treat an inmate's need for medical care or one who delays necessary treatment without explanation or for non-medical reasons may also exhibit deliberate indifference. *See, e.g., Waldrop v. Evans,* 871 F.2d 1030, 1036 (11th Cir. 1989) (affirming denial of summary judgment where prison official "took no action" and failed to "inform competent authorities ... of a prisoner's need for ... psychiatric care"); *Farrow v. West,* 320 F.3d at 1247 (whether a delay in treatment is tolerable depends on the nature of the medical need and the reason for the delay).

Based on the foregoing, Plaintiff has stated a claim of deliberate indifference to a serious medical need against Dr. Pierson.

### B. Punitive Damages Claim

Plaintiff seeks punitive damages against Dr. Pierson. Punitive damages may be awarded under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, ... its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. American Dental Ass'n,* 527 U.S. 526 (1999). *Smith* refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal

indifference to civil obligations." *Smith,* 461 U.S. at 45-48 (quoting *Philadelphia, W. & B.R. Co. v. Quigley,* 62 U.S. 202, 214 (1858). At this early juncture, since it cannot be determined whether punitive damages should be awarded against Dr. Pierson arising from the facts alleged, the punitive damage claim should proceed.

## V. Recommendations

Based upon the foregoing, it is recommended that the complaint proceed against the sole Defendant, Dr. Pierson, on claims of deliberate indifference to a serious medical need and punitive damages.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 6th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Benjamin Sanders, *Pro Se*
     Inmate #501700323
     Broward County Main Jail
     Inmate Mail/Parcels
     P.O. Box 9356
     Fort Lauderdale, FL 33310