**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-60607-BLOOM/Reid**

BENJAMIN SANDERS,

     Plaintiff,

v.

DOCTOR PIERSON,

     Defendant.

_____/

## FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court following a hearing held on October 4, 2019, *see* ECF No. [25], to assess damages for Plaintiff Benjamin Sanders' ("Plaintiff" or "Sanders") § 1983 claim against Defendant Dr. Pierson. The Court has carefully considered Plaintiff's testimony, the record in this case and the applicable law, and is otherwise fully advised.

Plaintiff initiated this action on March 7, 2019, asserting a claim for deliberate indifference to a serious medical need against Dr. Pierson pursuant to 42 U.S.C. § 1983. *See* ECF No. [1] ("Complaint"). Dr. Pierson failed to appear or otherwise respond to the Complaint, despite being served with process. *See* ECF No. [13]. As a result, the Clerk of Court entered a default against Dr. Pierson on July 9, 2019. ECF No. [16]. Thereafter, the Court directed Plaintiff to file a notice with an affidavit and relevant exhibits setting forth the amount of claimed damages. ECF No. [17]. Plaintiff complied, and the Court set a hearing on damages. *See* ECF Nos. [19], [21], [23]. Dr. Pierson did not move to set aside the default nor did he appear at the hearing. As of the date of this Order, he has failed to respond to the default, amount of claimed damages, or otherwise plead to the Complaint.

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

However, a defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*,

*Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

"To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "To establish deliberate indifference, the defendant must: (1) have subjective knowledge of a risk of serious harm; (2) disregard the risk; and (3) display conduct beyond mere negligence." *Shaw v. Allen*, 701 F. App'x 891, 893 (11th Cir. 2017) (citation omitted). Thus, a plaintiff must show "that the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and actually disregarded that risk." *Id.* Deliberate indifference can include failing to provide medical treatment or delays in providing medical treatment, "though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (citing *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). Indeed, "[i]n certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." *Id.* at 1244.

In the Complaint and at the hearing held on October 4, 2019, Plaintiff established the facts that follow. Plaintiff alleged that beginning in January, 2019, his gums became severely swollen and began bleeding. On January 17, 2019, he saw Dr. Pierson, the dentist at the Monroe County Detention Center, for an annual dental check-up, Plaintiff complained to Dr. Pierson about the swelling and bleeding in his gums, and the resulting pain. According to Plaintiff, Dr. Pierson refused to treat him at the annual exam, requiring that he place a sick call request for additional treatment.

Plaintiff placed two sick call requests on January 18 and 21, 2019, and when seen by the nurse, he complained about his swollen and bleeding gums. In response, the nurse advised him that she would schedule Plaintiff to be seen by Dr. Pierson. When the pain still did not subside, Plaintiff placed another sick call request and was seen by a nurse on January 26, 2019, who noticed Plaintiff had lost weight. After examining his gums, the nurse again requested that Plaintiff be seen by the dentist. Plaintiff declared a dental emergency on January 27, 2019 and again on January 28, 2019.

On January 29, 2019, Dr. Pierson refused to examine or treat Plaintiff, instructing the nurse to give Plaintiff a hand-out on "How to Brush Teeth" and to advise Plaintiff he would have to wait until "his name come[s] up" on Dr. Pierson's list. During a February 1, 2019 visit with a nurse, Plaintiff was again informed that Dr. Pierson was told about Plaintiff's gum condition and Dr. Pierson responded that he would see Plaintiff "when he was ready" to do so. The nurse informed Plaintiff that Dr. Pierson had instructed that Plaintiff be given Tylenol for pain.

Finally, on February 4, 2019, Dr. Hines, the medical doctor, examined Plaintiff and spoke with Dr. Pierson regarding Plaintiff's complaints about his swollen and bleeding gums. Plaintiff was then seen by Dr. Pierson that day, who accused Plaintiff of going over his head by complaining

to Dr. Hines. After examining Plaintiff and taking x-rays, Dr. Pierson diagnosed Plaintiff as suffering from "overlapping teeth at the root" and tartar-plaque build-up. Dr. Pierson stated that he would provide a mouthwash and pain medication. After the dental cleaning, the dental hygienist informed Plaintiff that the swollen and bleeding gums cannot be fixed with a dental cleaning and advised Plaintiff to place another sick call request to see the dentist. During rounds later that evening, Plaintiff claims the nurse who did the medical rounds advised Plaintiff that Dr. Pierson had prescribed a mouthwash, but no pain medication.

When he continued suffering pain from his swollen and bleeding gums, Plaintiff placed a sick call request on February 8, 2019. Plaintiff was then seen by a nurse, who told him that Dr. Pierson stated that he had already treated Plaintiff and would not see him again. After filing grievances against Dr. Pierson, and because he was still experiencing severe gum pain, he again saw Dr. Hines. Dr. Hines advised Plaintiff that she would refer him for a dental examination. In the interim, Dr. Hines prescribed a one-week supply of Tylenol for the pain. Still in pain, on February 18, 2019, he attempted to see Dr. Pierson to explain that his condition was worsening. Dr. Pierson yelled at Plaintiff and told him to never step into his office again without a prior appointment.

After meeting with his attorney in late February 2019, at which time Plaintiff advised the attorney that he was suffering from severe gum pain, defense counsel obtained a state court order directing Dr. Pierson to treat Plaintiff's gum condition. Plaintiff alleges, however, that Dr. Pierson ignored the court's order.

Plaintiff testified further that he nevertheless saw the dental assistant in early March, 2019, when he was x-rayed and it was discovered that he had a hole in a tooth on the left side of his mouth that required a filling. Dr. Pierson placed a filling in the tooth in April; however, the filling

came out and had to be redone. According to Plaintiff, his pain finally stopped on June 12 or 13, 2019 when the filling was repaired.

Upon a review of Plaintiff's Complaint and testimony, the Court finds a sufficient basis to enter default judgment in Plaintiff's favor. Because Defendant did not respond to the Complaint, "all of the well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint and received Plaintiff's testimony, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Dr. Pierson's liability. *See, e.g. Farrow*, 320 F.3d at 1244-45 (finding a serious medical need where the evidence showed pain, continual bleeding and swollen gums, two remaining teeth slicing into gums, weight loss, and continuing medical problems).

With respect to damages, Plaintiff specifically requested compensatory damages of $20,000.00 and $30,000.00 in punitive damages. However, Plaintiff did not allege that Dr. Pierson's conduct was "motivated by evil motive or intent, or [that] it involve[d] reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Nor did Plaintiff's testimony support such a finding. As such, punitive damages are not warranted. Nevertheless, Plaintiff is entitled to an award of compensatory damages for pain and suffering if he provides proof of actual injury. *Slicker v. Jackson*, 215 F.3d 1225, 1229-31 (11th Cir. 2000). Here, Plaintiff testified that he was in constant pain beginning on January 17, 2019 until June 13, 2019, with the exception of one week in February, when Dr. Hines provided him with a one-week supply of Tylenol. Plaintiff testified further that as a result of the pain he experienced, he was unable to eat solid foods, he had to water down his food in order to be able to eat, and ultimately lost twenty pounds. However, Plaintiff provided no further evidence to support his request for

$20,000.00 for pain and suffering. Upon review, the Court finds that Plaintiff is entitled to an award to compensate him for the 140 days of pain and suffering between January 17 and June 13, 2019, due to Dr. Pierson's deliberate indifference to Plaintiff's actual injury. The Court finds that an award of $100.00 per day of pain and suffering is reasonable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judgment is entered in favor of Plaintiff Benjamin Sanders and against Defendant Dr. Pierson on all claims, in accordance with Rule 58 of the Federal Rules of Civil Procedure.

2. Plaintiff is awarded **$14,000.00** in damages.

3. Post-judgment interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961.

4. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 9, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Benjamin Sanders, *pro se*
501700323
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310

Doctor Pierson

Broward County Sheriff's Office
555 SE 1st Ave
Fort Lauderdale, FL 33301