UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60607-BLOOM/Reid

BENJAMIN SANDERS,

    Plaintiff,

v.

DOCTOR PIERSON,

    Defendant.

_____/

## ORDER ON MOTION TO STRIKE WRIT OF EXECUTION AND ISSUE NEW WRIT OF EXECUTION

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Benjamin Sanders' ("Plaintiff" or "Sanders") Motion to Strike Writ of Ex[e]cution and Issue New Writ of Ex[e]cution, ECF No. [38] ("Motion"). The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised.

Plaintiff initiated this action on March 7, 2019, asserting a claim for deliberate indifference to a serious medical need against a "Dr. Pierson" pursuant to 42 U.S.C. § 1983. *See* ECF No. [1] ("Complaint"). Following the issuance of a summons directed to Dr. Pierson at the Broward County Sheriff's Office, ECF No. [11], service of process was executed upon Dr. Pierson at an address in Pompano Beach, Florida. *See* ECF No. [13]. Thereafter, Dr. Pierson failed to appear or otherwise respond to the Complaint.. As a result, the Clerk of Court entered a default against Dr. Pierson on July 9, 2019. ECF No. [16]. The Court then directed Plaintiff to file a notice with an affidavit and relevant exhibits setting forth the amount of damages he seeks. ECF No. [17]. Plaintiff complied, and the Court set a hearing on damages. *See* ECF Nos. [19], [21], [23]. Dr. Pierson did not move to set aside the default nor did he appear at the hearing.

Following the hearing, the Court entered a Final Default Judgment, ECF No. [26], in favor of Plaintiff and against Dr. Pierson, awarding Plaintiff $14,000.00 in damages. Thereafter, Plaintiff requested and obtained the issuance of a writ of execution as to Dr. Pierson. *See* ECF No. [36] ("Writ"). In the present Motion, Plaintiff asserts that he has discovered that Dr. Pierson's real name is Glenn Anthony Pearson, and that he has located a home address for Dr. Pearson. As a result, Plaintiff requests that the Court strike the previously issued Writ, and issue a new proposed writ as to Dr. Pearson.

Upon review, the Court may not grant the relief Plaintiff is seeking in full because throughout the pendency of this case, Plaintiff has always identified the Defendant as simply Dr. Pierson, and he obtained a default (and default judgment) only against this individual. "Where the owner of the asset being garnished is the judgment debtor, 'notice upon commencement of a suit is adequate to give a judgment debtor advance warning of later proceedings undertaken to satisfy a judgment.'" *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 726 (11th Cir. 2014 (quoting *Brown v. Liberty Loan Corp. of Duval,* 539 F.2d 1355, 1364 (5th Cir. 1976)). "That same type of notice is not sufficient where the claimant is a third party, who cannot be expected to be on notice of the judgment." *Id*. at 727. As a result, the Court cannot now re-issue a writ of execution against an individual who was not properly named, served, or defaulted based upon Plaintiff's representation that he has now learned Defendant's true name. Plaintiff has provided the Court with no authority to indicate otherwise. Rather, in order to obtain a new writ of execution, Plaintiff must demonstrate that Dr. Glenn Anthony Pearson is the "Dr. Pierson" who was served with process, and against whom Plaintiff obtained a default and default judgment.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion , **ECF No. [38]**, is **GRANTED IN PART**, and the previously issued Writ, **ECF No. [36]**, is **QUASHED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 9, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Benjamin Sanders, *pro se*
L71796
Tomoka Correctional Institution
Inmate Mail/Parcels
3950 Tiger Bay Road
Daytona Beach, FL 32124

Doctor Pierson
Broward County Sheriff's Office
555 SE 1st Ave
Fort Lauderdale, FL 33301

Doctor Pierson
2421 NW 16th Street
Pompano Beach, FL 33069