**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-60607-BLOOM/Reid**

BENJAMIN SANDERS,

    Plaintiff,

v.

DR. GLENN PEARSON,

    Defendant.
_____/

## **ORDER ON MOTION FOR RELIEF FROM JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant, Dr. Glenn Pearson's ("Dr. Pearson" or "Defendant") Motion for Relief from Judgment, ECF No. [69] (the "Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

On October 9, 2019, the Court entered a Final Default Judgment in favor of Plaintiff Benjamin Sanders ("Plaintiff" or "Sanders") in the amount of $14,000.00. *See* ECF No. [26] ("Judgment"). On February 2, 2021, Plaintiff requested the issuance of a Continuing Writ of Garnishment against Salary or Wages against Well Path Florida ("Garnishee"), which was granted, and duly issued by the Clerk of Court. ECF Nos. [59], [60], [61] ("Writ"). The Garnishee answered on March 24, 2021, indicating that it was withholding the amount of $1,338.97 from Defendant's gross earnings for each bi-weekly pay period, and so long as Defendant is owed wages, that it will continue to withhold such amounts until the garnishment is paid in full. ECF No. [63]. Thereafter, Sanders requested that the Court order Garnishee to pay, ECF No. [66], which request the Court denied without prejudice because the Writ did not include the notice to Defendant required by

Florida law. *See* ECF No. [67]. On May 19, 2021, Sanders filed a copy of the required notice, which he represented had been sent to Defendant. ECF No. [68].

In the instant Motion, Defendant represents that he worked with Garnishee, Dr. Pearson's employer, to satisfy the Judgment in lieu of garnishment. Defendant represents further that on May 4, 2021, a check in the amount of $14,000.00 was issued to Sanders, and on June 15, 2021, Defendant confirmed that the check has been deposited in Plaintiff's Florida Department of Corrections account. As such, Defendant requests relief from the Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981)[1] (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir.1970)). As such, "Rule 60(b) motions are directed to the sound discretion of the district court." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009); *see also Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).

Specifically, Defendant relies upon Rule 60(b)(5), which provides that "[o]n a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). "The section of rule 60(b)(5) which provides relief when judgments are satisfied applies when damages are paid before trial or a tortfeasor or obligor has paid the judgment debt." *Gibbs v. Maxwell House, A Div. of Gen. Foods Corp.*, 738 F.2d 1153, 1155 (11th Cir. 1984) (citations omitted); *see also AIG Baker Sterling Heights, LLC v. Am. Multi-*

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

*Cinema, Inc.*, 579 F.3d 1268, 1272 (11th Cir. 2009). Defendant argues that Plaintiff has been fully compensated for the amount of the judgment, neither he nor Garnishee have any continuing obligations, and therefore, the Court should grant the Motion and essentially deem the Judgment to be satisfied. Upon review, the Court determines that the Judgment has been satisfied, and the Motion is due to be granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [69]**, is **GRANTED**.

2. The Judgment, ECF No. [26], shall be deemed to have been **FULLY SATISFIED**; and

3. The Continuing Writ of Garnishment, **ECF No. [61]**, is **DISSOLVED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 8, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Benjamin Sanders, *pro se*
L71796
Blackwater River Correctional Facility
Inmate Mail/Parcels
5914 Jeff Ates Road
Milton, Florida 32583